UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEKOU HARRIS,<br><br>                      Petitioner,<br><br>  vs.<br><br>J. TIM OCHOA, Warden,<br><br>                      Respondent. | Civil No. 10cv2215-BTM (NLS)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;**<br><br>**(2) DENYING PETITION FOR A WRIT OF HABEAS CORPUS; AND**<br><br>**(3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY** |

      Petitioner is a California prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner claims his state and federal constitutional rights were violated because the trial court improperly excluded a defense witness from testifying at his trial. (Pet. at 6-9.)

      Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Nita L. Stormes. (Doc. No. 13.) The Magistrate Judge found that Petitioner was not entitled to habeas relief because the determination by the state court (that any possible error flowing from the exclusion of the witness was harmless beyond a reasonable doubt), was neither contrary to nor involved an unreasonable application of clearly established federal law, and did not involve an unreasonable determination of the facts. (R&R at 8-10.) The

Magistrate Judge also found that Petitioner's state law claims were not cognizable on federal habeas, and that any federal constitutional violation was harmless. (R&R at 10-11.) Petitioner has filed objections to the R&R stating his disagreement with the Magistrate Judge's findings, and arguably presenting a new claim alleging that he received ineffective assistance of counsel in connection to the exclusion of the witness. (Doc. No. 17.)

The Court has reviewed the R&R and the Objections thereto pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As set forth in the R&R, a man named Costner was approached by an undercover police officer, agreed to purchase rock cocaine for the officer, and was given a marked $20 bill. Costner approached Petitioner, who was sitting in the passenger seat of a parked car with two other individuals. The officer observed Petitioner place a small item in Costner's hand, observed Costner inspect the item in a nearby lighted area, and then hand Petitioner a $20 bill. Costner returned to the officer and gave him the small object, which turned out to be rock cocaine. Costner was immediately arrested and found to have $2 and a cocaine pipe on his person. The police stopped Petitioner's car a few blocks away and the marked $20 bill was found on his person. The driver of the car was Petitioner's former girlfriend, Ms. Adams. Defense counsel indicated at the beginning of the second day of trial that, against his advice, Petitioner wished him to call Ms. Adams as a witness to testify that Petitioner did not give Costner cocaine during the exchange, but either gave him two one-dollar bills or gave him change for a twenty-dollar bill. The trial court excluded Adams as a witness because: (1) she was disclosed late in violation of state law in that Petitioner was aware of her possible testimony well before trial; (2) she changed her story in that she had told the police that night that she had not been paying attention during the transaction; (3) she had a close relationship to Petitioner and had been available prior to trial; (4) defense counsel indicated that he would prefer not to call her as a witness because her story was implausible but was seeking to do so at Petitioner's insistence; and (5) her

testimony would impact Costner's defense by insinuating that Costner had the cocaine on him all the time and would therefore provide a basis for severance of his trial from Petitioner's trial. (R&R at 6.)

The appellate court declined to reach the issue of whether Petitioner's constitutional rights were violated by the refusal to allow Ms. Adams to testify, and instead found that any possible error was harmless beyond a reasonable doubt because Ms. Adams's proffered testimony was implausible in light of the evidence seized from the suspects. (R&R at 9.) The Magistrate Judge correctly found that the appellate court's determination was neither contrary to, nor involved an unreasonable determination of, clearly established federal law, and did not involve an unreasonable determination of the facts. (R&R at 8-10.) The Magistrate Judge also correctly found that in light of the overwhelming evidence of guilt and the limited value of Ms. Adams' testimony, any federal constitutional violation arising from the exclusion of her as a witness "did not have a substantial and injurious effect or influence in determining the jury's verdict," and was therefore harmless. (R&R at 10, quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993).)

The Court **ADOPTS** the Magistrate Judge's findings in full with respect to all of the claims presented in the Petition and **OVERRULES** Petitioner's objections thereto. The Court will address in the first instance the contention raised by Petitioner in his Objections that his right to constitutionally effective assistance of counsel was violated in relation to the exclusion of Ms. Adams as a witness. (See Obj. at 2.)

For ineffective assistance of counsel to provide a basis for habeas relief, Petitioner must first show that counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Petitioner must also show that counsel's deficient performance prejudiced the defense. Id. This requires showing that counsel's errors were so serious they deprived Petitioner "of a fair trial, a trial whose result is reliable." Id. Both deficient performance and prejudice must be established in order to establish a constitutional violation. Id.

The record presently before the Court provides no basis for a finding of deficient performance by counsel. However, assuming, *arguendo*, that Petitioner could establish that the exclusion of Ms. Adams was somehow caused by deficient performance of his counsel, he cannot establish a constitutional violation because he is unable to satisfy the prejudice prong of an ineffective assistance claim. Petitioner need only demonstrate a reasonable probability that the result of the proceeding would have been different absent the error. Williams v. Taylor, 529 U.S. 362, 406 (2000); Strickland, 466 U.S. at 694. The prejudice inquiry is to be considered in light of the strength of the prosecution's case. Luna v. Cambra, 306 F.3d 954, 966 (9th Cir.), amended, 311 F.3d 928 (9th Cir. 2002). "Surmounting *Strickland*'s high bar is never an easy task." Padilla v. Kentucky, 559 U.S. __, 130 S.Ct. 1473, 1485 (2010). In the context of federal habeas review, "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential.'" Harrington v. Richter, 562 U.S. __, 131 S.Ct. 770, 788 (2011).

The R&R correctly found that any error resulting from the exclusion of Ms. Adams as a witness did not have a substantial and injurious effect or influence on the jury's verdict in light of the overwhelming evidence of Petitioner's guilt, and in light of the limited (if not actually negative) value of Ms. Adams' testimony. For these same reasons, Petitioner cannot establish a reasonable probability that the result of his trial would have been different had Ms. Adams testified. Accordingly, to the extent Petitioner intended to present an ineffective assistance of counsel claim, such a claim would not entitle him to habeas relief even under a de novo review, and irrespective of any failure to present the claim to the state supreme court.[1]

---

[1] Although this claim was not presented to the state supreme court, the exhaustion requirement is satisfied, "if it is clear that (the habeas petitioner's) claims are now procedurally barred under (state) law." Gray v. Netherland, 518 U.S. 152, 161 (1996), quoting Castille v. Peoples, 489 U.S. 346, 351 (1989). "A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him." Cassett v. Stewart, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (quoting Coleman v. Thompson, 501 U.S. 722, 732 (1991)). It appears clear that Petitioner has satisfied the technical requirements of exhaustion with respect to this claim because any attempt by Petitioner to return to state court at this time in order to seek further post-conviction relief would certainly meet with the imposition of a procedural bar. See In re Robbins, 18 Cal.4th 770, 788 n.9 (1998) (In re Clark "serves to notify habeas corpus litigants that we shall apply the successiveness rule when we are faced with a petitioner whose prior petition was filed after the date of finality of *Clark*."), see also In re Clark, 5 Cal.4th 750, 797-98 (1993) ("the general rule is still that, absent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied," and describing the "fundamental miscarriage of justice" exception to that rule); Walker v. Martin, 562 U.S. –, 131 S.Ct.

**CONCLUSION AND ORDER**

The Court **ADOPTS** the findings and conclusions of the Magistrate Judge as set forth in this Order, and **DENIES** the Petition for a writ of habeas corpus. The Court **DECLINES** to issue a Certificate of Appealability.

The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: June 3, 2011

*(signature)*
Honorable Barry Ted Moskowitz
United States District Judge

---

1120, 1125-31 (2011) (holding that California's timeliness requirement set forth in <u>Robbins</u> and <u>Clark</u> providing that a prisoner must seek habeas relief without "substantial delay" as "measured from the time the petitioner or counsel knew, or should reasonably have known, of the information offered in support of the claim and the legal basis for the claim," is clearly established and consistently applied); <u>see also</u> <u>Evans v. Chavis</u>, 546 U.S. 189, 199-201 (2006) (holding that federal courts should assume that California courts consider petitions filed after unexplained delays of thirty to sixty days to be untimely.)